DANIEL G. BOGDEN
United States Attorney
HOWARD J. ZLOTNICK
Assistant United States Attorney
333 Las Vegas Blvd., South, Fifth Floor
Las Vegas, NV 89101
Phone (702) 388-6050
Fax (702) 388-6698

MAR 25 2003
CLERK ... COURT ... ADA
BY DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>PETER CAVERETTA,<br><br>Defendant. | CR-S-02-197-JCM(PAL)<br><br>SUPERSEDING CRIMINAL INFORMATION<br><br>[VIOLATIONS: 21 USC 856 - Establishment of Manufacturing Operation; 18 USC 1623(a) - False Declarations Before Grand Jury] |

THE UNITED STATES ATTORNEY CHARGES THAT:

COUNT ONE
Establishment of Manufacturing Operation

Beginning on a date unknown no later than early 2000 and ending on a date unknown between on or about March 26, 2001 and April 6, 2001, in the District of Nevada, defendant PETER CAVERETTA knowingly maintained a place, that is, a residence at 121 Hyman, Las Vegas, Nevada, for the purpose of manufacturing marijuana, a schedule I controlled substance, in violation of 21 USC 856(a)(1).

//

//

//

//

28

COUNT TWO

False Declaration Before the Grand Jury

1. On or about December 12, 2001, in the District of Nevada, defendant PETER CAVERETTA, while under oath before a grand jury of the United States, knowingly made false material declarations, that is:

2. The grand jury was investigating whether violations of 21 USC 841 (manufacturing, possession with intent to distribute, and distribution of marijuana), 21 USC 846 (conspiracy), and 21 USC 856 (establishment of manufacturing operations) had been committed and to identify the persons who had committed such violations. It was material to the investigation that the grand jury ascertain, among other matters, how Gary King supported himself; who removed a marijuana grow from 121 Hyman, Las Vegas, Nevada; the nature and purpose of plant food at 121 Hyman; and the cause of water damage to the premises.

3. At the time and place alleged, Caveretta knowingly stated that he did not know how Gary King supported himself; that he did not know who removed the marijuana grow from 121 Hyman, Las Vegas, Nevada; that he did not know the nature and purpose of plant food at 121 Hyman; and that he did not know the cause of water damage to the premises.

//

//

//

//

//

4. As Caveretta knew and believed at the time, the statements above were false in that Caveretta knew how King supported himself, who removed the grow from 121 Hyman, the nature and purpose of plant food at 121 Hyman, and the cause of water damage to the premises.

All in violation of 18 USC 1623(a).

DATED: March 10th, 2003.

DANIEL G. BOGDEN
United States Attorney

Howard J Zlotnick
HOWARD J. ZLOTNICK
Assistant U.S. Attorney